By the Court :
This is a very clear case for relief. The conduct of the complainant was not such as to give the slightest reason to suppose he meant to abandon the contract. The covenant to take possession, in May, was intended for the complainant’s benefit; and his failure to do it worked no prejudice to the respondent. The non-payment of the first installment of the purchaser’s money, at the day, seems to be the sole Aground for refusing a performance. The whole purchase money was tendered, when the second and last installment became due, with the interest due on the first. We know no case, where a neglect to pay the first payment, so promptly remedied by a proffer to pay the first and second together, with interest, has been held such a neglect and abandonment of the contract, as to excuse the performance on the part of the vendor. We can not regard the contract to pay a condition precedent, authorizing the rescission of the contract upon a failure. And if we should so consider it, there is no proof that tho respondent proceeded upon this ground. He held the contract and *316 the notes, though payment of the first installment was not made. He never offered to return them, and certainly took •no steps, which could have operated to exonerate the complainant from his liability. The agreement remained executory, and in full force when the tender was made, and the respondent then ought to have executed it. If the title was in him, we should be bound to decree a specific performance. As it is not, but has passed into hands where it can not be reached, we can only decree compensation. This compensation, we are of opinion, is the ■difference between the purchase money, and the value of the unimproved lot, at the time the party entitled himself to a conveyance, •by tendering the purchase money. For the purpose of ascertaining this difference, the cause is remanded back to the Supremo ■Court of Cuyahoga county, and referred to a master to fake an •account upon the principle here suggested.